**Mrs. June BOBBITT et al., Appellants,**

**v.**

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

**No. 11536.**

Court of Civil Appeals of Texas.

Austin.

Oct. 11, 1967.

Rehearing Denied Nov. 1, 1967.

John D. Reed, Austin, for appellants.

Graves, Dougherty, Gee, Hearon, Moody & Garwood, Thomas G. Gee, Wm. Terry Bray, Austin, for appellee.

HUGHES, Justice.

This is an appeal from a summary judgment rendered in favor of appellee, American National Insurance Company, in a suit brought by Mrs. June Bobbitt and Mrs. Wilora Bobbitt, widow and mother of Oscar Joe Bobbitt, deceased, respectively, to recover $8,000.00 under an application for life insurance made by Mr. Bobbitt to appellee and under the terms of a conditional receipt issued by appellee to Mr. Bobbitt upon the payment by him of the first month's premium.

Mr. Bobbitt applied for insurance on October 28, 1965, and the conditional receipt was issued by appellee on the same date. Mr. Bobbitt died October 30, 1965, from causes unrelated to any condition of health stated in his application for insurance.

The application of Mr. Bobbitt for insurance was rejected by appellee after the death of Mr. Bobbitt.

The application of Mr. Bobbitt revealed that he had been treated for an ulcer in 1963, and that in October 1965 an ulcer had affected him adversely in insurance matters.

In the application, Mr. Bobbitt gave consent for release of medical information concerning himself and family.

The application contained this provision:

"if the full first premium on the insurance applied for is paid in exchange for the Conditional Receipt bearing the same date and serial number as this application, the liability of the Company shall be in accordance with the provisions of the Conditional Receipt; * * *"

We copy from the conditional receipt issued by appellee to Mr. Bobbitt:

"The insurance for which application is made shall be effective (1) on the date of this receipt or (2) on the date of completion of all medical examinations required by Company rules and practices, which ever date is later, if on such effective date all persons to be insured are in good health and acceptable for insurance under established rules and practices of the Company for the plan, amount, and premium applied for."

The record discloses, without dispute, that under the rules and practices of appellee an applicant for insurance who had suffered from or been treated for an ulcer within the past five or ten years, the time depending on the type or severity of the ulcer, must undergo a medical examination regardless of the amount of insurance sought.

Under these circumstances, a medical examination of Mr. Bobbitt was a prerequisite to potential liability under the conditional receipt. No medical examination of Mr. Bobbitt having occurred, the potential liability of appellee under this receipt did not arise.

The conclusion reached, as stated above, disposes of this appeal unless there is substance to appellants' two points, the first of which is that there are material fact issues present in the record which preclude the granting of a summary judgment.

Mr. Wayne R. Youngblood, soliciting agent for appellee testified, in part:

"Q Now, at any time during the taking of this application, Mr. Youngblood, did you request or inform Mr. Bobbitt in any way that he was going to have to take a medical examination?

A I told him that the subsequent application he had made eliminated any physical, because of the amount of insurance, but because of the fact that he had had, I believe, an ulcer within two years, that I didn't know of any reason why he would. It wouldn't be left up to me to decide that.

Q Well, you never requested him to take a physical in reference to this application?

A No, sir, we did not, or I did not.

Q And as far as you know, your company never requested him to take a physical prior to his death?

A No, sir."

Appellants pleaded that the application of Mr. Bobbitt and the advance premium was accepted by Mr. Youngblood at which time "* * * the said Oscar Joe Bobbitt was informed and assured by Wayne R. Youngblood, an agent for the defendant company, that he was covered for that amount of life insurance by the defendant company * * *"

There is nothing in the record to substantiate this pleading. Mr. Youngblood did testify that he told Mrs. Wilora Bobbitt, after the death of Mr. Bobbitt, that he "presumed" Mr. Bobbitt was "covered" by the conditional receipt.

A witness also stated that Mr. Youngblood had told him after the death of Mr. Bobbitt that his insurance "was in force."

■ The above statements are not, in our opinion, sufficient to raise a fact issue regarding any representations made by Mr. Youngblood to Mr. Bobbitt of the nature pleaded by appellants.

The other point of appellants is that the trial court erred in granting appellee's motion for a new trial.

This point is far too general to require our consideration, but we will discuss it briefly.

■ This case was first tried by the Honorable Jack Roberts, without a jury, and judgment rendered for appellants for the sum of $8,000.00. This judgment was set aside and a new trial was granted by the Honorable James R. Meyers who succeeded Judge Roberts as judge of the trial court. Thereafter, appellee filed its motion for summary judgment which, as above stated, was granted.

These proceedings are wholly immaterial. They, in no sense, smack of irregularity or impropriety.

Appellants' points are overruled, and no error appearing of record, the judgment of the trial court is affirmed.

Affirmed.